UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BALAYLA AHMAD | : | NO.:  3:12-CV-00046-MRK |
| | : | |
| v. | : | |
| | : | |
| UNIVERSITY OF BRIDGEPORT, | : | |
| NEIL ALBERT SALONEN, an individual | : | |
| and in his official capacity as President, | : | |
| FRANK ZOLLI, an individual and in his | : | |
| official capacity as Dean of the College | : | |
| of Chiropractic, APRIL VOURNELIS, an | : | |
| individual and in her official capacity as | : | |
| Director of Security, and MICHAEL | : | |
| BROMLEY, an individual and in his official | : | |
| capacity as Assistant to the President | : | AUGUST 10, 2012 |

## ANSWER AND AFFIRMATIVE DEFENSES
## TO SECOND AMENDED COMPLAINT

### NATURE OF ACTION

1.     As to paragraph 1, the defendants deny violating the plaintiff's rights.  As

to the remainder of paragraph 1, the defendants do not have sufficient knowledge or

information upon which to base a belief or opinion about the truth of the matters

contained therein and, therefore, leave the plaintiff to her burden of proof.

### JURISDICTION AND VENUE

2.     As to paragraph 2, the defendants deny violating the plaintiff's rights.  As

to the remainder of paragraph 2, the defendants do not have sufficient knowledge or

information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

3.      As to paragraph 3, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

4.      As to paragraph 4, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

5.      As to paragraph 5, the defendants admit that the University of Bridgeport is a private university of higher education.  As to the remainder of paragraph 5, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

## ADMINISTRATIVE PROCEEDINGS

6.      As to paragraph 6, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

7.      Paragraph 7 is admitted.

8.      As to paragraph 8, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters

contained therein and, therefore, leave the plaintiff to her burden of proof.

9.      As to paragraph 9, the defendants admit that the University of Bridgeport offers both undergraduate and post graduate degrees, and that its principal place of business is at 126 Park Avenue, Bridgeport, Connecticut.

10.     As to paragraph 10, the defendants admit that Salonen was President of the University of Bridgeport.  As to the remainder of paragraph 10, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

11.     As to paragraph 11, the defendants admit that Zolli was Dean of the College of Chiropractic at the University of Bridgeport.  As to the remainder of paragraph 11, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

12.     As to paragraph 12, the defendants admit that Vournelis was the Director of Security at the University of Bridgeport.  As to the remainder of paragraph 12, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

13.     As to paragraph 13, the defendants admit that Bromley was the Title IX Officer at the University of Bridgeport.  As to the remainder of paragraph 13, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

## FACTS

## THE UNIVERSITY POLICIES AND PROCEDURES

14.     As to paragraph 14, the defendants admit that the plaintiff attended the University of Bridgeport's School of Naturopathic Medicine before transferring to the College of Chiropractic.  As to the remainder of paragraph 14, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

15.     As to paragraph 15, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

16.     That portion of paragraph 16 which states:  "The University provided Ahmad with admissions literature and matriculation material, including its College of Chiropractic Student Handbook ("College Handbook"), which set forth the University's policies and procedures with respect to, *inter alia*, student-on-student sexual

4

harassment discrimination and student conduct" is admitted.  As to the remainder of paragraph 16, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

17.     That portion of paragraph 17 which states:    "The College Handbook, at § 4, entitled "University Policies," expressly prohibited sexual harassment, religious and race discrimination; provided students with a procedure to report sexual harassment or discrimination" is admitted.  The remainder of paragraph 17 is denied.

18.     Paragraph 18 is admitted.

19.     Paragraph 19 is denied.

20.     Paragraph 20 is denied.

21.     As to paragraph 21, the defendants deny that the formal process would be activated unless there was no resolution during the informal process.

22.     The defendants do not answer paragraph 22 as the documents referred to speak for themselves

23.     As to paragraph 23, the defendants admit that § 4.4 expressly provided that the Grievance "Rules and Procedures are available from the Title IX Office."  The remainder of paragraph 23 is denied.

24.     As to paragraph 24, the defendants admit that these are some of the characteristics which may be included in the non-cognitive academic and professional

evaluation.

25.     As to paragraph 25, the defendants admit that there are some of the Rules of Conduct identified in § 6.1.1.

26.     Paragraph 26 is admitted.

27.     As to paragraph 27, the defendants deny that the full student disciplinary review process is cited herein.  The cited provisions assume that a hearing is pursued.

28.     Paragraph 28 is denied.

### THE STUDENT-ON-STUDENT SEXUAL HARASSMENT

29.     As to paragraph 29, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

30.     As to paragraph 30, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

31.     As to paragraph 31, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

32.     As to paragraph 32, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

33.     As to paragraph 33, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

### AHMAD'S COMPLAINTS OF SECUAL HARASSMENT TO THE UNIVERSITY

34.     As to paragraph 34, the defendants deny that the plaintiff reported the alleged harassment set forth in paragraph 31.  As to the remainder of paragraph 34, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

35.     Paragraph 35 is denied.  Funk advised the plaintiff to file a formal complaint.

36.     As to paragraph 36, the defendants deny that plaintiff reported the alleged harassment set forth in paragraph 31.

37.     As to paragraph 37, the defendants admit that Kendler said he would speak with Mesilien.  The remainder of paragraph 37 is denied.

38.     As to paragraph 38, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

39.     As to paragraph 39, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters

contained therein and, therefore, leave the plaintiff to her burden of proof.

40.     As to paragraph 40, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

41.     As to paragraph 41, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

42.     As to paragraph 42, the defendants deny that the plaintiff reported the alleged harassment set forth in paragraph 31.

43.     Paragraph 43 is denied.  The plaintiff asked Sawitzke not to inform Zolli. Nonetheless, Sawitzke kept the male students after class to remind them that harassment was inappropriate and unprofessional and could result in dismissal from the program.

44.     As to paragraph 44, the defendants admit that the plaintiff e-mailed a complaint to Salonen on April 14, 2009.  The defendants deny that the plaintiff reported the alleged harassment set forth in paragraph 31.

45.     As to paragraph 45, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

46.     As to paragraph 46, the defendants deny any suggestion that Zolli was

not responsive.  He scheduled a meeting with the plaintiff for the following day.

47.    Paragraph 47 is admitted.

48.    Paragraph 48 is denied.

49.    Paragraph 49 is denied.

50.    Paragraph 50 is denied.  The plaintiff came to Zolli's office only to refuse to speak with him.

51.    As to paragraph 51, the defendants admit that Zolli conducted a full investigation based on the information provided.

### THE UNIVERSITY'S RECKLESS INDIFFERENCE, VIOLATION OF ITS OWN PROCEDURES, AND DISCRIMINATORY PROFILING

52.    As to paragraph 52, the defendants admit that Vournelis approached the plaintiff to speak with her about her sexual harassment complaint, as well as about a complaint made against her.  The remainder of paragraph 52 is denied.

53.    Paragraph 53 is denied.

54.    Paragraph 54 is denied.

55.    That portion of paragraph 55 which states:  "the failure of the University to take prompt remedial action, and Vournelis' threat that Ahmad would be arrested" is denied.  That portion of paragraph 55 which states:  "Ahmad did not return to class" is admitted.  As to the remainder of paragraph 55, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the

matters contained therein and, therefore, leave the plaintiff to her burden of proof.

56.     As to paragraph 56, the defendants admit that on April 21, 2009, Zolli attempted to schedule a meeting for April 23, 2009.

57.     Paragraph 57 is denied.  The plaintiff sent two e-mails, one on April 21, 2009 and one on April 23, 2009, declining to meet with Zolli until she could obtain legal counsel.

58.     Paragraph 58 is denied.

59.     Paragraph 59 is denied.

60.     Paragraph 60 is denied.

61.     The defendants do not answer paragraph 61as the documents referred to speak for themselves.

62.     As to paragraph 62, the defendants deny that a hearing was held or that disciplinary actions was pursued.

63.     As to paragraph 63, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

64.     As to paragraph 64, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

65.     As to paragraph 65, the defendants deny any suggestion that the

University failed to conduct an investigation or  that the plaintiff had cooperated with the University's investigation.

66.     Paragraph 66 is admitted.

67.     As to paragraph 67, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

68.     As to paragraph 68, the defendants deny discriminating and/or retaliating against the plaintiff.

69.     As to paragraph 69, the defendants admit that Bromley referred the matter to outside counsel Loraine Cortese-Cost, Esq.  The remainder of paragraph 69 is denied.

70.     That portion of paragraph 70 which states:  "again" is denied.  The remainder of paragraph 70 is admitted.

71.     Paragraph 71 is denied.

72.     As to paragraph 72, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

73.     Paragraph 73 is denied.

74.     As to paragraph 74, the defendants deny receiving a report of OCR's investigation findings.

## THE UNIVERSITY'S RETALIATORY DISMISSAL OF AHMAD

75.     Paragraph 75 is denied.  The defendants admit that the plaintiff was academically dismissed.

76.     As to paragraph 76, the defendants deny that the plaintiff was dismissed pursuant to § 6.1 *et seq* or 4.1 *et seq.*

77.     Paragraph 77 is denied.

78.     Paragraph 78 is denied.

79.     Paragraph 79 is denied.

80.     Paragraph 80 is denied.

81.     Paragraph 81 is denied.

82.     Paragraph 82 is denied.

## FIRST CLAIM FOR RELIEF
## GENDER DISCRIMINATION IN VIOLATION OF TITLE IX AGAINST THE UNIVERSITY OF BRIDGEPORT

83.     The answers to paragraphs 1-82 are hereby incorporated and made the answers to paragraphs 1-82 of the First Claim for Relief as if fully set forth herein.

84.     The defendants do not respond to paragraph 84 because it calls for a legal conclusion.

85.     Paragraph 85 is denied.

86.     Paragraph 86 is admitted.

87.     Paragraph 87 is denied.

88.     Paragraph 88 is denied.

78[sic] Paragraph 78 [sic] is denied.

## SECOND CLAIM FOR RELIEF
## RETALIATION IN VIOLATION OF TITLE IX
## AGAINST THE UNIVERSITY OF BRIDGEPORT

89.     The answers to paragraphs 1-88 of the First Claim for Relief are hereby incorporated and made the answers to paragraphs 1-82 of the Second Claim for Relief as if fully set forth herein.

90.     Paragraph 90 is denied.

91.     Paragraph 91 is denied.

## THIRD CLAIM FOR RELIEF
## RACE, COLOR AND NATIONAL ORIGIN DISCRIMINATION
## IN VIOLATION OF TITLE VI
## AGAINST THE UNIVERSITY OF BRIDGEPORT

92.     The answers to paragraphs 1-91 of the Second Claim for Relief are hereby incorporated and made the answers to paragraphs 1-91 of the Third Claim for Relief as if fully set forth herein.

93.     The defendants do not respond to paragraph 93 because it calls for a legal conclusion.

94.     Paragraph 94 is denied.

95.     Paragraph 95 is denied.

96.     Paragraph 96 is denied.

97.     Paragraph 97 is denied.

## FOURTH CLAIM FOR RELIEF
## RETALIATION IN VIOLATION OF TITLE VI
## AGAINST THE UNIVERSITY OF BRIDGEPORT

98.     The answers to paragraphs 1-97 of the Third Claim for Relief are hereby incorporated and made the answers to paragraphs 1-97 of the Fourth Claim for Relief as if fully set forth herein.

99.     Paragraph 99 is denied.

100.    Paragraph 100 is denied.

## FIFTH CLAIM FOR RELIEF
## RACE, COLOR AND ETHNICITY DISCRIMINATION IN
## VIOLATION OF §1981 AGAINST ALL DEFENDANTS

101.    The answers to paragraphs 1-100 of the Fourth Claim for Relief are hereby incorporated and made the answers to paragraphs 1-100 of the Fifth Claim for Relief as if fully set forth herein.

102.    Paragraph 102 is denied.

103.    Paragraph 103 is denied.

## SIXTH CLAIM FOR RELIEF
## RETALIATION IN VIOLATION OF §1981
## AGAINST ALL DEFENDANTS

104.    The answers to paragraphs 1-103 of the Fifth Claim for Relief are hereby incorporated and made the answers to paragraphs 1-103 of the Sixth Claim for Relief as if fully set forth herein.

14

105.   Paragraph 105 is denied.

106.   Paragraph 106 is denied.

## SEVENTH CLAIM FOR RELIEF
## BREACH OF CONTRACT
## AGAINST THE UNIVERSITY OF BRIDGEPORT

107.   The answers to paragraphs 1-106 of the Sixth Claim for Relief are hereby incorporated and made the answers to paragraphs 1-100 of the Seventh Claim for Relief as if fully set forth herein.

108.   That portion of paragraph 108 which states:  "the University provided Ahmad with admissions literature and matriculation material, including its College Handbook" is admitted.  The remainder of paragraph 108 is denied.

109.   Paragraph 109 is denied.

110.   Paragraph 110 is denied.

111.   Paragraph 111 is denied.

112.   As to paragraph 112, the defendants deny that a hearing before the Grievance Committee (UGC) was required.

113.   Paragraph 113 is denied.

114.   Paragraph 114 is denied.

115.   Paragraph 115 is denied.

116.   Paragraph 116 is denied.

117.   Paragraph 117 is denied.

15

118.    Paragraph 118 is denied.

119.    Paragraph 119 is denied.

**BY WAY OF AFFIRMATIVE DEFENSE AS TO ALL COUNTS**

**First Affirmative Defense**:

The plaintiff has failed to state a claim upon which relief can be granted.

DEFENDANTS,
UNIVERSITY OF BRIDGEPORT, NEIL
ALBERT SALONEN, an individual and in
his official capacity as President, FRANK
ZOLLI, an individual and in his official
capacity as Dean of the College of
Chiropractic, APRIL VOURNELIS, an
individual and in her official capacity as
Director of Security, and MICHAEL
BROMLEY, an individual and in his official
capacity as Assistant to the President


By____/s/Alexandria L. Voccio_____
    Alexandria L. Voccio
    ct21792
    Howd & Ludorf, LLC
    65 Wethersfield Avenue
    Hartford, CT  06114
    (860) 249-1361
    (860) 249-7665 (Fax)
    E-Mail:  avoccio@hl-law.com

16

## CERTIFICATION

This is to certify that on August 10, 2012, 2012, a copy of the foregoing Answer was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Bradford D. Conover, Esquire
Conover Law Offices
345 Seventh Avenue, 21st Floor
New York, NY  10001

_____/s/Alexandria L. Voccio_____
Alexandria L. Voccio